IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FUN SERVICES OF KANSAS CITY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 11-0244-CV-W-ODS |
| PARRISH LOVE d/b/a ASPHALT WIZARDS, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER AND OPINION**
**(1) GRANTING MOTION TO FILE SURREPLY (DOC. 11); (2) GRANTING MOTION TO REMAND (DOC. 4); AND (3) FINDING AS MOOT MOTION TO STAY (DOC. 6)**

On January 7, 2008, Plaintiff, a Kansas corporation, filed its class action petition in state court alleging Defendant, a Missouri resident, violated 47 U.S.C. § 227 by sending unsolicited advertisements by fax. The private right of action created by this statute provides for damages of $500 per violation, which can be trebled if the violations were willful or knowing. See § 227(b)(3)(B).

In its motion for class certification filed February 23, 2009, Plaintiff alleged Defendant (through a fax broadcaster) sent "60,100 of Defendant's advertisements and 44,462 were successfully delivered." At the class certification hearing, the state-court judge asked how much money was involved; Defendant responded, "We multiply $500 times 44,462, which is what I believe the evidence shows were successfully transmitted, according to the invoices, we're talking $22,231,000."

On May 24, 2010, the state court certified the class action. The court's order references "evidence that Defendant sent unsolicited advertising faxes to thousands of persons," and later finds, "There are thousands of class members here . . . ."

On March 4, 2011, Defendant removed the action to this Court alleging diversity jurisdiction. Defendant asserted it had received from Plaintiff a written settlement offer of $5,567,500.00 less than 30 days before removing the case; Defendant claimed this

offer "constitute[d] an 'other paper' from which it may first be ascertained that this case is one that is removable."  Plaintiff timely moves to remand this case back to state court.

*DISCUSSION*

A notice of removal must be filed within 30 days of receiving the complaint or summons, whichever period is shorter, or within 30 days of receiving an amended pleading, motion, order, or "other paper" from which the removability of the action may first be ascertained.  28 U.S.C. § 1446(b).  A case is removable only if the action could have been filed originally in federal court.  *See* § 1441(a); *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

District courts have original jurisdiction over class actions that have: (1) more than $5,000,000 in controversy, exclusive of interest and costs; (2) at least one member of the plaintiffs' class who is a citizen of a state different than at least one of the defendants; and (3) 100 or more class members.  §§ 1332(d)(2)(A), (d)(5)(B).  A class action is removable when these jurisdictional facts can be proven by a preponderance of the evidence.  *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

The parties dispute whether Defendant could ascertain the amount in controversy exceeded $5,000,000 more than 30 days before removing this case.  Defendant complains Plaintiff never stated a dollar amount over this amount until the settlement offer.  Defendant cites *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000), but this case holds an *initial pleading* must "explicitly disclose[ ]" a sufficient amount in controversy to trigger the 30-day removal period.  *Willis* does not apply to a "motion order, or other paper" under 28 U.S.C. § 1446(b).

Plaintiff argues Defendant could ascertain the amount in controversy exceeded $5,000,000 when Plaintiff filed its motion for class certification alleging "44,462 [faxes] were successfully delivered."  *Cf. Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (holding defendant "did all that is necessary" to show over $5,000,000 in controversy "by admitting that one of its employees sent at least 3,800 fax

2

ads"). Plaintiff highlights *Defendant* was the party at the class certification hearing which answered that $22,231,000 was the amount of money involved in the case.

Despite its calculation of damages at the certification hearing, Defendant counters there was too much uncertainty regarding the amount in controversy because the number of faxes sent was unproven. Defendant cites cases where remand was ordered because calculation of the amount in controversy depended on key assumptions unsupported by the record. *See*, *e.g.*, *Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730, 735-39 (4th Cir. 2009) (finding defendant offered no support for its assumption plaintiffs and class members would each claim to have worked an average of five hours of overtime per week); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330-32 (11th Cir. 2006) (affirming district court's finding that "'great uncertainty'" remained about amount in controversy; defendant's declaration offered no explanation how it arrived at "'total value'" of units, and calculation of units sold for Florida consumers presumed close parallel to nationwide registration rate).

Defendant's cases are distinguishable. The allegation Defendant sent 44,462 faxes was not an unsupported assumption; it was supported by the invoices the fax broadcaster sent Defendant. Even if Defendant has contrary evidence, this only proves the number of actionable faxes (whether 44,462 or some other number) was in dispute, supporting the conclusion over $5,000,000 was "in controversy."

Defendant also argues there was too much uncertainty regarding the amount in controversy because the number of those with claims was unknown. But the fact that the number of claimants was unknown did not leave great uncertainty regarding the amount in controversy; the $500 statutory remedy is *per violation*, not per person. *See* 47 U.S.C. § 227(b)(3)(B). A violation occurs when the prohibited fax is *sent*, *see* § 227(b)(1)(C), and there were 44,462 faxes allegedly sent. *See Brill*, 427 F.3d at 449 (calculating amount in controversy based on number of faxes sent, not number of claimants).

Defendant recasts its unknown-claimant argument with the contention that calculating damages would have required it to apply an "illegal" "'fluid recovery'" methodology. Generally, a fluid recovery assesses damages of a class as a whole,

without proof of individual class members' damages.  *See* 2 McLaughlin on Class Actions § 8:16 (6th ed. 2010).  The doctrine has been rejected in the class certification context in part because it risks imposing liability on a defendant for damages it did not cause.  *See id.*  But Defendant has not shown the bar on fluid recoveries applies in the amount-in-controversy context, where calculating damages creates no risk Defendant will be held liable for damages it did not cause.[1]  This argument fails.

Defendant could – and did – ascertain that more than $5,000,000 was at stake more than 30 days before removing this case.  Because the case was not timely removed, it will be remanded.  28 U.S.C. §§ 1446(b), 1447(c).[2]

*Attorney Fees*

A court may, but is not required to, award attorney fees "where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added).  The Court concludes an award is not warranted.

Plaintiff expressly abjured removal jurisdiction in its petition, albeit for invalid reasons (stating it was disclaiming individual recovery in excess of $75,000 and that removal could not occur because Defendant was a resident of Missouri).  And thereafter Plaintiff never explicitly stated what its damages were until the settlement offer.  While Defendant's opposition to remand was unpersuasive, the Court does not believe Defendant's late removal was so unreasonable Defendant should pay Plaintiff for it.

---

[1] Notably, Defendant cites no case – and the Court could find none – applying the bar on fluid recoveries in the amount-in-controversy context.

[2] Neither party briefed whether federal-question jurisdiction over the case stated by Plaintiff's initial pleading.  Even if jurisdiction existed, the outcome would be the same: the case would be remanded because Defendant's removal was untimely.

4

*Other Pending Motions*

Since Plaintiff raised some new arguments in her reply suggestions in favor of remand, Defendant's motion to file a surreply is granted, and Defendant's attached suggestions are deemed filed. The Court finds as moot Defendant's motion to stay. IT IS SO ORDERED.

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, SENIOR JUDGE  
UNITED STATES DISTRICT COURT

DATE: May 11, 2011